# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC D. WIGGINS,<br><br>       Plaintiff,<br><br>    v.<br><br>HONORABLE JAMES E. ISMAN, et al.,<br><br>       Defendants. | Civil Action<br>No. 23-22009 (CPO) (EAP)<br><br>**ORDER** |

**O'HEARN, District Judge.**

Plaintiff seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners, like Plaintiff, who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of the prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. If a court grants *in forma pauperis* status, the prisoner will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. If a court denies *in forma pauperis* status, the prisoner

must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the court will file the complaint.

Additionally, if a court grants *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back. If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Third Circuit has determined that leave to proceed *in forma pauperis* is based on showing of indigence. *See Deutsch v. United States*, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995). A court must first review an applicant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*. *Id*.

The Supreme Court has clarified that one need not be absolutely destitute to qualify for *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Rather, under *Adkins*, it is sufficient for an applicant to certify that he cannot pay the fee and still be able to provide himself and his dependents with the necessities of life. *Id*.

In this action, Plaintiff did not pay the filing fee and has not submitted an application to proceed *in forma pauperis*. As a result, the Court cannot assess whether Plaintiff is indigent and will administratively terminate this case. Accordingly,

IT IS, on this 1st day of December 2023,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing the prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011); and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a blank application to proceed *in forma pauperis*, DNJ-Pro Se-007-A-(Rev.12/2020); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101 within 30 days of the date of entry of this Order; Plaintiff's writing shall include either: (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $405 fee including the $350 filing fee plus the $55 administrative fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**